UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY L. WEISS**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF SANTA ROSA POLICE DEPARTMENT, ET AL.,** <br><br> Defendants. | Case No.  15-cv-01639-YGR <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: Dkt. No. 39 |

Plaintiff Terry L. Weiss brings this case against defendants City of Santa Rosa Police Department, several individuals in their individual and official capacities, and the Sonoma County Sheriff's Office and the County of Sonoma (the "County Defendants")[1] for alleged civil rights violations under federal and state laws related to plaintiff's arrest and booking at the Sonoma County Main Adult Detention Facility.  (Dkt. No. 26, "Compl.")

Now before the Court is the County Defendants' motion to dismiss the Second Amended Complaint for failure to state a claim under 42 U.S.C. § 1983 and § 1985.  (Dkt. No. 39, "Mtn.")[2]

---

[1] County Defendants note that plaintiff erroneously sued the Sonoma County Sheriff's Office as "Sonoma County Sheriff's Department" and the County of Sonoma as the "Main Adult Detention Facility."  The correct party names are listed above.

[2] Concurrently with County Defendants' motion to dismiss, they also filed an unopposed Request for Judicial Notice in Support of Motion to Dismiss.  (Dkt. No. 40, "RJN.")  County Defendants ask the Court to judicially notice two exhibits:  (1) the "County of Sonoma Claim Form" submitted by plaintiff to the County of Sonoma, dated January 24, 2014, attached as Exhibit A; and (2) the "Notice of Rejection of Claim" sent to plaintiff by the County of Sonoma with accompanying proof of service, dated April 10, 2014, attached as Exhibit B.  The Court hereby **GRANTS** County Defendants' request and takes judicial notice of the exhibits attached to the RJN.

United States District Court
Northern District of California

Additionally, County Defendants move to dismiss the state law claims for failure to state a claim and as time-barred by the statute of limitations.  (*Id.*)  Plaintiff filed a response (Dkt. No. 54, "Opp'n") and County Defendants filed a reply (Dkt. No. 55, "Reply").[3]

Having carefully considered the pleadings and papers submitted, the Court **DISMISSES** plaintiff's Section 1983 and Section 1985 claims with leave to amend, and **DISMISSES WITH PREJUDICE** plaintiff's state law claims.[4]

## I.   BACKGROUND

Plaintiff alleges that on July 24, 2013, she went to the Santa Rosa Police Department ("SRPD") to obtain a report and speak to officers regarding an earlier incident involving certain officers.  (Compl. ¶ 35.)  After some time waiting in the lobby of the SRPD, plaintiff alleges that officers arrested her, jumped her, handcuffed her, slammed her against the walls, and yelled at her to stop resisting the arrest.  (*Id.* at ¶ 39.)  Plaintiff alleges that she was next taken to the Sonoma County Main Adult Detention Facility ("MADF") at approximately 12:00 or 1:00 a.m. in the morning.  (*Id.* at ¶ 42.)

According to plaintiff, upon arrival at MADF, a medical technician took her vital signs and noted that her blood pressure was very high.  (*Id.* at ¶ 41.)  Plaintiff then purportedly informed the deputies that her blood pressure was high and that she had not taken her medication that day, and further claims that she was "refused treatment, a blanket, or even acknowledgment to the health

---

[3] The Court acknowledges that plaintiff filed two amended oppositions without leave of the Court after County Defendants' had filed their reply.  In the interests of judicial economy, the Court has reviewed the amended oppositions (Dkt. Nos. 56, 57), but advises plaintiff that filing additional briefs is not allowed under the Local Rules without prior leave of the Court.  Civil L.R. 7-3(d).  In the future, such additional briefs may be stricken from the record and sanctions may be imposed for failure to comply with the Local Rules.

[4] Because plaintiff has been granted leave to amend the complaint consistent with this Order, plaintiff's motion for leave to file a third amended complaint (Dkt. No. 63) is **DENIED** as moot, and the hearing set on that motion for July 26, 2016 is **VACATED**.  Plaintiff is advised that, in the future, should she attempt to amend her complaint again, the Local Rules require that the party "filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."  Civil L.R. 10-1.

United States District Court
Northern District of California

United States District Court
Northern District of California

issues at hand." (*Id.*)  Plaintiff alleges that she fainted and was awoken by a "Trustee," who was calling on the deputies to inform them that plaintiff was unconscious.  (*Id.*)  Plaintiff further alleges that staff at the facility falsely accused plaintiff of suffering drug and alcohol withdrawal symptoms and accused plaintiff of being suicidal.  (*Id.*)

Plaintiff claims that she was not booked or informed of the charges against her until approximately 4:00 to 4:30 a.m. that morning.  (*Id.* at ¶ 42.)  She further alleges that she requested that staff photograph her injuries, but that the jail staff refused, explaining that they observed no unusual injuries.  (*Id.*)  Plaintiff additionally claims that her bail was posted at 5:45 a.m., but that she was kept in custody until roughly 9:00 to 10:00 a.m. due to allegedly deliberate delays in processing her paperwork.  (*Id.*)

## II.    DISCUSSION

### A.    Legal Standard

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

United States District Court
Northern District of California

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)).  The Court will not assume facts not alleged, nor will it draw unwarranted inferences.  *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

**B.   Section 1983 Claims**

Section 1983 provides a cause of action against any person, including municipalities, counties, and subdivisions thereof, for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978).  Local government entities, however, cannot be held liable under Section 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.  In other words, local government entities may only be sued under Section 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694.  Accordingly, to prevail on a Section 1983 claims, plaintiffs must sufficiently allege that:

> (1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which 'amount to deliberate indifference' to their constitutional rights; and (3) that these policies are the 'moving force behind the constitutional violation[s].

1    *Lee v. Los Angeles*, 250 F.3d 668, 681–82 (9th Cir. 2001), abrogated on other grounds by

2    *Twombly*, 550 U.S. at 555.

3           County Defendants argue that plaintiff failed to allege sufficiently any violation of a

4    constitutional right, let alone any county policy or custom that would have led to such a violation.

5    Specifically, County Defendants argue that plaintiff's allegations of any improper treatment she

6    received at the detention facility are insufficient to establish a county policy or custom that would

7    expose County Defendants to liability.  The Court agrees.

8           Plaintiff included several allegations of mistreatment committed by several officers and jail

9    staff.  For instance, plaintiff alleges that the police used excessive force in arresting her, denied her

10   medical treatment, and held her without informing her of the charges against her, among others.

11   (Compl. ¶¶ 36–43.)  Plaintiff also generally alleged a pattern of abuse throughout law enforcement

12   agencies in the city, county, state, and whole country.  (*Id.* at ¶ 21.)  Such allegations are,

13   however, insufficient to establish the "direct causal link" between any County policies and

14   plaintiff's alleged constitutional deprivations, which is necessary to sustain an action under

15   Section 1983.  *See Erdman v. Cochise Cty.*, 926 F.2d 877, 882 (9th Cir. 1991) (citing *Canton v.*

16   *Harris*, 489 U.S. 378, 385 (1989)).  Plaintiff must allege facts sufficient to demonstrate the

17   existence of a policy or policies set by the County Defendants, the execution of which led to her

18   claimed injuries.

19          Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's Section 1983 claims

20   against County Defendants.  The Court **GRANTS** plaintiff leave to amend the complaint to provide

21   factual allegations that can support a finding that a causal link exists between a County policy and

22   plaintiff's injuries.

23          **C.    Section 1985 Claims**

24           Section 1985 makes any person who "conspire[s] . . . for the purpose of depriving, either

25   directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

United States District Court
Northern District of California

5

privileges and immunities under the laws."  42 U.S.C. § 1985.  "To state a claim for conspiracy to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'"  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989)).  Additionally, "a plaintiff must demonstrate a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *RK Ventures, Inc. v. Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (citation omitted).

County Defendants argue that plaintiff failed to state facts both to support the existence of a conspiracy and to demonstrate that the alleged deprivations were motivated by racial or class-based animus.  The Court, again, agrees.  Plaintiff's complaint included numerous allegations of mistreatment committed by several county employees, including the sheriff and medical examiners.  However, plaintiff did not state any facts that would support a finding that the County Defendants were engaged in a conspiracy with any of these employees to deprive plaintiff of her constitutional rights.  Moreover, plaintiff failed to include any allegations that she belonged to a protected class, and that she was targeted as a result of her membership in that protected class.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's Section 1985 claims against County Defendants.  The Court **GRANTS** plaintiff leave to amend the complaint to provide allegations that would support a finding of the existence of a conspiracy to interfere with her civil rights because of her membership in a protected class.

**D.    State Law Claims**

"Tort liability of public entities in California is governed by the Tort Claims Act."  *Forbes v. Cty. of San Bernardino*, 101 Cal. App. 4th 48, 53 (2002) (citing Cal. Gov. Code § 810 *et seq.*).  Under the Tort Claims Act ("TCA"), plaintiffs must first file a claim with the state entity as set forth in the act for any pecuniary actions arising out of "negligence, nuisance, breach of statutory duties, intentional wrongs[,] and contract."  *Lozada v. San Francisco*, 145 Cal. App. 4th 1139,

United States District Court
Northern District of California

United States District Court
Northern District of California

1152 (2006) (citations omitted); *see* Cal. Gov. Code § 945.4.  The TCA also contains a statute of limitations for suits brought against any public entities in California.  Cal. Gov. Code § 945.6; *see also Anson v. Cty. Merced*, 202 Cal. App. 3d 1195, 1205 (1988).  Under the TCA, "any suit against a public entity on a cause of action for which a claim is required . . . must be commenced: (1) If written notice is given in accordance with Section 913, not later than six months after the date which notice is personally delivered or deposited in the mail."  Cal. Gov. Code § 945.6.  If no written notice is provided, plaintiffs have two years to file a complaint.  *Id.*

Here, plaintiff filed a claim with the County of Sonoma on January 24, 2014.  (RJN Ex. A.)  On April 10, 2014, the County officially rejected plaintiff's claim and deposited the rejection letter in the mail on the same day.  (RJN Ex. B.)  Plaintiff filed the initial complaint in this case in September 2014 (Dkt. No. 1-1), but did not seek leave of the court to add the County Defendants until November 19, 2015 (Dkt. No. 23).  Plaintiff did not file her Second Amended Complaint adding the County Defendants until December 15, 2015 (Dkt. No. 26), approximately twenty months after the notice of rejection was mailed.

Plaintiff argues that the County's delay in providing her with notice of her claim's rejection excuses her own delay in filing a complaint against County Defendants.  According to plaintiff, the County only had forty-five days to reject or grant her claim, but failed to do so until approximately one month after the forty-five day deadline.  Therefore, plaintiff argues that the two-year statute of limitations should apply.  However, a California Court of Appeal has squarely rejected this argument.  *Glorietta Foods, Inc. v. San Jose*, 147 Cal. App. 3d 835 (1983).  In *Glorietta*, the plaintiff filed a claim with the city of San Jose alleging that it had suffered damages due to actions by the fire department.  *Id.* at 836.  The city sent a rejection of claim notice to the plaintiff fifty days after the claim was filed, and the plaintiff did not file a complaint for damages against the city until thirteen months after the rejection notice was mailed.  *Id.* at 837.  Yet, the trial court granted summary judgment on the grounds that the claim was time-barred by the six-

7

month statute of limitations, and the Court of Appeal affirmed. *Id.* at 838. The Court of Appeal explained that the "legislative scheme was adapted to permit a public entity . . . [to] give notice of rejection of a claim at any time and thereby commence the running of a six-month statute of limitations." *Id.*

Accordingly, the Court finds that plaintiff's state law claims against the County Defendants are time-barred by the statute of limitations. The Court, therefore, need not address the County Defendants' alternative argument that plaintiff failed to state a claim by failing to allege compliance with the TCA's claim procedure. The Court **DISMISSES WITH PREJUDICE** plaintiff's state law claims against the County Defendants. Plaintiff does not have leave to amend the complaint to reassert the state law claims against the County Defendants because no amendment could cure the deficiency here.

## III.   CONCLUSION

The Court **DISMISSES WITHOUT PREJUDICE** plaintiff's Section 1983 and Section 1985 claims against the County Defendants. The Court **DISMISSES WITH PREJUDICE** plaintiff's state law claims against the County Defendants. Plaintiff shall have forty-five (45) days from the filing of this Order to file an amended complaint.

**IT IS SO ORDERED.**

Dated: July 5, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California