UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY L WEISS**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**CITY OF SANTA ROSA POLICE DEPARTMENT, ET AL.**,<br><br>　　　　　Defendants. | Case No. 15-cv-01639-YGR<br><br>**ORDER GRANTING COUNTY DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 77 |

Plaintiff Terry L. Weiss brings this case *pro se* against defendants City of Santa Rosa Police Department (the "SRPD"), Tom Schwedhelm in his official capacity, and several officers (the "City Defendants"),[1] and the Sonoma County Sheriff's Office, the County of Sonoma, Sheriff Steve Freitas, and County Supervisor Efren Carrillo (the "County Defendants"), for alleged civil rights violations under federal and state laws related to plaintiff's arrest and booking at the Sonoma County Main Adult Detention Facility. On July 5, 2016, the Court granted County Defendants' motion to dismiss, dismissing plaintiff's state law claims against County Defendants with prejudice and federal claims under 42 U.S.C. sections 1983 and 1985 without prejudice. (Dkt. No. 72.)[2] On September 19, 2016, plaintiff filed a Third Amended Complaint, again alleging violations of 42 U.S.C. sections 1983 and 1985 against County Defendants. (Dkt. No. 76, "TAC.") With regards to her claims against the County Defendants, plaintiff has added in the TAC Sheriff Steve Freitas and County Supervisor Efren Carrillo, along with additional paragraphs and articles related to her allegations about police abuse generally. Otherwise, plaintiff's TAC is essentially identical to her second amended complaint with respect to her claims against the County Defendants.

---

[1] These officers include: (i) J. Deadman; (ii) K. Kemp; (iii) A. Romero; and (iv) P. Gilette (collectively, the "Officer Defendants").

[2] The Court hereby incorporates the Background section in its July 5, 2016 order dismissing plaintiff's claims against County Defendants.

Now before the Court is the County Defendants' motion to dismiss plaintiff's claims. Having carefully reviewed the pleadings and the papers submitted on this motion, and for the reasons set forth more fully below, the Court **GRANTS** County Defendants' motion to dismiss with prejudice.

Plaintiff has failed to cure the deficiencies identified by the Court in its prior order dismissing plaintiff's claims against the County Defendants (Dkt. No. 72):[3]

With regards to her claim under section 1983, the Court previously found that plaintiff's allegations were "insufficient to establish the 'direct causal link' between any County policies and plaintiff's alleged constitutional deprivations, which is necessary to sustain an action under Section 1983" against a state entity. (*Id.* at 5); *see Erdman v. Cochise Cty.*, 926 F.2d 877, 882 (9th Cir. 1991) (citing *Canton v. Harris*, 489 U.S. 378, 385 (1989)). Again, although plaintiff alleges that several deputies and police officers mistreated her and generally alleges a pattern of abuse throughout law enforcement agencies in the city, county, state, and country, she fails to establish the requisite nexus between any policies within the county of Sonoma and her alleged injuries. The Court finds that such allegations are still insufficient to sustain a claim.

With regards to her claim under section 1985, the Court previously found that plaintiff failed to allege any facts supporting the existence of a conspiracy to deprive plaintiff of her constitutional rights, or that any such conspiracy was levied against plaintiff as a result of her membership in a protected class. (Dkt. No. 72 at 6); *see Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) ("To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (internal citation and quotations omitted)); *RK Ventures, Inc. v. Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (holding that a "plaintiff must demonstrate a deprivation of a right motivated by some

---

[3] Plaintiff also appears to bring claims against Sherriff Freitas and Supervisor Carrillo in their individual capacities. However, she includes no specific allegations as to any wrongdoing committed by either. The Court therefore construes such as claims against Sherriff Freitas and Supervisor Carrillo in their official capacities only, and therefore addresses such claims in conjunction with the claims against the County Defendants generally. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" (internal quotation and citation omitted)). Plaintiff has again failed to do so, and, thus, the Court finds that her allegations in this regard are also insufficient to state a claim.

Given that this is plaintiff's third amended complaint, and plaintiff has made no showing that she would otherwise be able to plead facts adequate to sustain a section 1983 or section 1985 claim against the County Defendants, the Court **DISMISSES WITH PREJUDICE** her claims against the same.[4] The following causes of action remain: (i) violation of California Civil Code section 52.1 against the City Defendants; (ii) intentional infliction of emotional distress against the City Defendants; (iii) negligence against the City Defendants; (iv) negligence per se against the Officer Defendants only; (v) negligent selection, training, retention, supervision, investigation, and discipline against the SRPD and Schwedhelm only; (vi) respondeat superior against the SRPD only; (vii) injunctive and declaratory relief against the SRPD only; (viii) false imprisonment or false arrest against the SRPD and Officer Defendants only; (ix) conspiracy against the City Defendants; and (x) slander per se against the City Defendants.

The Court further **SETS** a Case Management Conference for plaintiff and the remaining defendants in this action for **Monday, January 30, 2017** at **2:00 p.m.** in the Federal Building, 1301 Clay Street, Oakland, California, Courtroom 1. The parties must file a case management statement by **January 23, 2017**, pursuant to the Local Rules of the Northern District of California and this Court's Standing Order in Civil Cases.

This Order terminates Docket Number 77.

**IT IS SO ORDERED.**

Dated: November 22, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Because the Court finds that plaintiff's claims against County Defendants should be dismissed with prejudice on these grounds, the Court need not address County Defendants' additional argument that plaintiff's federal claims are, in any event, time-barred by the appropriate statute of limitations.