TERESA L. STRICKER
Interim City Attorney

MOLLY L. DILLON
JOHN J. FRITSCH
ANGELA M. CASAGRANDA
ROBERT L. JACKSON
ADAM S. ABEL
SUE A. GALLAGHER
Assistant City Attorneys

City of Santa Rosa
CITY ATTORNEY

March 7, 2017

Magistrate Judge Kandis A. Westmore
U.S District Court, Northern District
1301 Clay Street
Ctrm. 4, 3rd Floor
Oakland, CA 94612

Re: *Weiss v. City of Santa Rosa, Tom Schwedhelm, et al. and Does 1-100*
U.S.D.C., No. District of California, Case No. 15-cv-01639-YGR
Standing Order for Magistrate Judge Kandis Westmore (rev.12/22/15), Par.13

CIVIL DISCOVERY DISPUTE NO 1: MOTION TO COMPEL DISCOVERY (DEPOSITION AND PRODUCTION OF DOCUMENTS) AND FOR SANCTIONS

Dear Magistrate Judge Westmore:

Discovery disputes in this matter were referred to your Honor by Judge Gonzalez Rogers on June 18, 2015 (Dkt. No. 13). Santa Rosa Police Department Officer Deadman and Sgt. Romero arrested plaintiff Weiss in the lobby of the Police Department after she refused to leave the premises in defiance of a lawful order of law enforcement officer. The force used consisted of uniformed presence, voice commands and a firm grip. Plaintiff's condition was assessed at the Main Adult Detention Center minutes later, and she was found without physical injury. She was assessed with a variety of mental health symptoms of unknown etiology. This is a Section 1983 seizure and force case brought by *pro se* plaintiff Terry Weiss.

Defendants' seek an order of this Court for plaintiff to attend her videographed deposition and to pay Defendants' expenses incurred when Plaintiff failed to appear for deposition on February 28, 2017 at 10:00 a.m. pursuant to defendants' Fourth Re-Notice of Taking Deposition. (Exhibit "A": Reporter's Affidavit re Nonappearance of Witness

with attached Fourth Re-Notice of Taking Deposition and Proof of Service dated December 28, 2016 thereon).

A recap: on November 2, 2016, attorney Fritsch transmitted a cover letter to the Third Re-Notice of Taking Deposition, and advised plaintiff that her deposition would commence on December 6, 2016 after months of continuance and repeated notices for her deposition. On December 1, 2016, attorney Fritsch received plaintiff's response dated November 16, 2016. In relevant part, plaintiff indicated that she would not comply with the December 6th deposition notice, and offered February 28, 2017 as a suitable alternative deposition date no less than four times. City is mindful of the Court's Standing Order limiting attachments to actual discovery documents, and seeks leave of this Court to submit authenticated copies of the letters referenced if the Court believes it would be helpful to resolution of this dispute.

On December 28, 2016, Defendants served their Fourth Re-Notice of Taking Deposition by US mail. As reported above, Plaintiff failed to appear on February 28, 2017.

Plaintiff's testimony is crucial and fundamental, and Defendants seek this Court's order that plaintiff attend her videographed deposition on Tuesday, March 14, 2017 beginning at 10:00 a.m.

As a second prayer for relief, on February 28, 2017, attorney Fritsch traveled to Verbatim Reporters in Santa Rosa. The Office of the City Attorney maintains 24 hour a day, 7 day a week communications via multiple voicemail and email accounts; a fax line; and telephone lines. Verbatim Reporters maintains telephone; fax and email. At 10:28 a.m. on February 28, 2017, there was no evidence that plaintiff intended to attend her deposition. Attorney Fritsch surveyed all communication options, and found no evidence of any contact by plaintiff via any method on any line. City incurred liability to pay the expenses of the court reporter in the amount of $330; the videographer in the amount of $200; and attorney Fritsch. Courts have ordered payment of City's attorneys' fees in the amount of $325 per hour, and attorney Fritsch incurred 1.25 hour's time to travel and attend the deposition. The grand total of City expenses is $936.25, and defendants' respectfully request that this Court order plaintiff to pay to the City as reimbursement the amount of $936.25 within 30 days of the court order.

As a third prayer for relief, Defendants served a separate Request for Production of Documents, Set One on December 28, 2016 to try to make some progress towards accumulating the basic discovery in this case since deposition discovery was delayed.

(Exhibit "B": Request for Production of Documents, Set One with Proof of Service dated December 28, 2016) The last day to respond to the Request was January 30, 3017, and it came and went without responses or any contact about the responses or an extension. No response or production has been made as of the writing of this letter.

On March 1, 2017, Defendants sent a copy of this discovery motion to plaintiff requesting a response date of March 6, 2017 (Exhibit "C": Letter to Terry Weiss enclosing draft Joint Letter). No response has been received.

Therefore, Defendants also pray for relief consisting of the Court's Order that Plaintiff respond to City's Request for Production of Documents, Set One within 10 days of the Court's Order, and produce all responsive documents within 20 days of the Court's Order.

Respectfully submitted,

/s/ *John J. Fritsch*

JOHN J. FRITSCH
Assistant City Attorney

TERRY WEISS

JJF:kv
Enclosures: Exhibits A-C