UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY L WEISS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 4:15-cv-01639-YGR (KAW)<br><br>**ORDER REGARDING DEFENDANTS' 3/7/17 JOINT LETTER; ORDER IMPOSING SANCTIONS ON PLAINTIFF TERRY L. WEISS**<br><br>Re: Dkt. No. 99 |

On February 28, 2017, Plaintiff Terry L. Weiss failed to appear at her noticed deposition in Santa Rosa, California. On March 7, 2017, Defendants filed a discovery letter seeking an order requiring Plaintiff to attend her videographed deposition, to pay the $936.25 in attorneys' fees and costs incurred when she failed to appear at the February 28, 2017 deposition, and to compel responses to Defendants' Request for Production of Documents (Set One). (Defs.' Letter, Dkt. No. 99 at 1-2.)

On March 15, 2017, the Court issued an order to show cause to Plaintiff and ordered her to respond to the order to show cause and Defendants' discovery letter by March 31, 2017. (Order to Show Cause, Dkt. No. 100 at 1.) Plaintiff did not file a response.

Upon review of the discovery letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendants' request to recover the $936.25 in fees and costs incurred in connection with Plaintiff's failure to appear at the February 28, 2017 deposition, DENIES the request to order Plaintiff's appearance at the March 14, 2017 deposition as MOOT, and GRANTS the request to compel responses to Defendants' Request for Production of Documents (Set One).

///

## I. BACKGROUND

On April 10, 2015, Plaintiff Terry L. Weiss filed this action alleging violations of her civil rights against City of Santa Rosa, Tom Schwedhelm in his official capacity, and several officers, and the Sonoma County Sheriff's Office, the County of Sonoma, Sheriff Steve Freitas, and County Supervisor Efren Carrillo, related to Plaintiff's arrest and booking at the Sonoma County Main Adult Detention Facility. (Compl., Dkt. No. 1; Third Am. Compl., Dkt. No. 76.) The Sonoma County defendants were dismissed with prejudice on November 22, 2016. (Dkt. No. 86.)

On November 2, 2016, Assistant City Attorney John Fritsch transmitted a cover letter to the Third Re-Notice of Taking Deposition, and advised plaintiff that her deposition would commence on December 6, 2016. (Defs.' Letter at 2.) On December 1, 2016, Mr. Fritsch received Plaintiff's response, dated November 16, 2016, in which she indicated that she would not comply with the December 6, 2016 deposition notice, but offered February 28, 2017 as a suitable alternative deposition date. *Id.* On December 28, 2016, Defendants served their Fourth Re-Notice of Taking Deposition by U.S. Mail. *Id.*

On February 28, 2017, Plaintiff did not appear at the noticed deposition. (Defs.' Letter at 1.) On March 7, 2017, Defendants filed a discovery letter seeking an order requiring Plaintiff to attend her videographed deposition, pay the $936.25 in attorneys' fees and costs incurred due to her failure to appear at the February 28, 2017 deposition, and respond to Defendants' Request for Production of Documents (Set One), which was propounded in December 2016. (Defs.' Letter, Dkt. No. 99 at 1-3.) Prior to filing the letter, on March 1, 2017, Defendants emailed it to Plaintiff in an attempt to comply with the undersigned's standing order that discovery letters be jointly submitted, but Plaintiff did not respond. (Defs.' Letter at 3, Ex. C.)

On March 15, 2017, the Court issued an order to show cause to Plaintiff to explain why she did not participate in the filing of the discovery letter, and ordered her to file a response to the letter to address why she did not appear at her February 28, 2017, and her positions pertaining to the relief requested. (Order to Show Cause, Dkt. No. 100.) Both responses were due on or before March 31, 2017, and Plaintiff was advised that the failure to file an opposition shall constitute consent to the granting of Defendants' requested relief, including sanctions to reimburse the costs

2

1  incurred due to Plaintiff's prior nonappearance. *Id.* To date, Plaintiff has not filed a response nor has she filed any other documents in this case.

## II. DISCUSSION

Defendants seek three forms of relief in their discovery letter: 1) an award of attorneys' fees and costs incurred in connection with Plaintiff's failure to appear at the February 28, 2017 deposition; 2) an order compelling Plaintiff's attendance at deposition on March 14, 2017; and 3) an order compelling responses to Defendants' Request for Production of Documents (Set One).

### A. Defendants are entitled to attorneys' fees and costs

A court **must** award fees and costs caused by a party's failure to appear for deposition, unless the failure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(d)(1)(A)(i); 37(d)(3) (emphasis added). "'[T]he failure to appear need not be willful,' and the court has discretion in deciding whether sanctions should be imposed." *Jefferson v. Cnty. of Napa*, No. C 03-5031 SI, 2007 WL 3287847, at *1 (N.D. Cal. Nov. 5, 2007) (quoting *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985) (citing Advisory Committee Notes to Rule 37(d))).

Defendants seek $936.25 in attorneys' fees and costs related to Plaintiff's failure to appear at the February 28, 2017 deposition. (Defs.' Letter at 2.) Plaintiff did not file a response to the joint letter, despite being given ample opportunity by the undersigned, so, as Plaintiff was advised, her failure to file an opposition constitutes consent to granting Defendant's requested relief. (*See* Order to Show Cause at 1 (citing Judge Westmore's Standing Order ¶ 22).)

#### i. Reasonable Attorneys' Fees

Defendants incurred 1.25 hours in travel time and attendance at the deposition. (Defs' Letter at 2.) Defendants claim that a reasonable hourly rate for Assistant City Attorney John Fritsch is $325.00 per hour, such that $406.25 is reasonable compensation for 1.25 billable hours. (Defs.' Letter at 2.)

Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th

3

Cir. 2008) (citation omitted). A party seeking attorneys' fees bears the burden of demonstrating that the rates requested are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 980 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). Typically, affidavits of counsel "regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (citation omitted). The "community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citation omitted).

Defendants bear the burden of showing that Mr. Fritsch's hourly rate is reasonable. The Court is aware of the prevailing rates in the community for similar services performed by attorneys of comparable skill, experience, and reputation, and it finds that Mr. Fritsch's claimed hourly rate may be reasonable. *See, e.g., Recouvreur v. Carreon*, 940 F. Supp. 2d 1063, 1070 (N.D. Cal. 2013) (finding an ordinary billing rate of $300 per hour reasonable for a lawyer in private practice and utilizing the Adjusted Laffey Matrix). While Plaintiff, in failing to respond to the undersigned's order to show cause, has not opposed Mr. Fritsch's hourly rate, she is appearing pro se, so the Court will address the reasonableness of the claimed hourly rate.

Courts "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). The Court notes that Defendants did not file a supporting declaration addressing Mr. Fritsch's education and legal experience, which makes it challenging to determine whether $325.00 is a reasonable hourly rate. Notwithstanding, a billing rate of $325.00 per hour is in line with not only other awards in this district, but also with the Adjusted Laffey Matrix.[1]

Accordingly, the Court finds the billing rate and amount of time spent reasonable, and orders Plaintiff to pay Defendants $406.25 for 1.25 hours of Mr. Fritsch's time.

///

---

[1] Adjusted Laffey Matrix, http://www.laffeymatrix.com/ (last visited Apr. 7, 2017) ($343.00 is a reasonable hourly rate for attorneys with 1-3 years of experience).

4

####      ii. Reasonable costs incurred

Additionally, Defendants are entitled to reimbursement for the costs incurred. Defendants claim that they incurred $330.00 for the court reporter, and $200 for the videographer. (Defs.' Letter at 2.) These costs are reasonable.

Accordingly, Plaintiff is ordered to reimburse the City of Santa Rosa for $406.25 in attorneys' fees and $530.00 in costs, which totals $936.25, for failing to appear at her properly noticed deposition, to be paid on or before May 31, 2017, unless the parties agree otherwise. Failure to comply with this order may result in the imposition of additional sanctions.

### B. **Defendants' request to compel attendance at deposition is moot.**

Defendants request that Plaintiff be ordered to appear at her deposition on March 14, 2017 at 10:00 a.m. (Defs.' Letter at 2.) Since the date has passed, the request is denied as moot. If they have not done so already, the parties are ordered to meet and confer regarding the scheduling of Plaintiff's videotaped deposition. Plaintiff is advised that her failure to undergo deposition may result in sanctions, including the dismissal of her case.

### C. **Request for Production of Documents (Set One)**

Defendants seek to compel responses to their Request for Production of Documents (Set One), which was propounded on December 28, 2016. (Defs.' Letter at 2, Ex. B.) Plaintiff did not respond by the January 30, 2017 deadline. (Defs.' Letter at 3.) The Court also notes that Plaintiff did not respond to the instant discovery letter, which was sent to her on March 1, 2017, nor did she avail herself of the opportunity to respond to the undersigned's order to show cause. (Defs.' Letter at 3, Ex. C; Order to Show Cause at 1.) Accordingly, Defendants' request to compel Plaintiff's responses to the Request for Production of Documents (Set One) is GRANTED, and Plaintiff shall furnish her responses by May 1, 2017, absent any extension agreed to by the parties.

## III.  CONCLUSION

In light of the foregoing, Defendants' request for attorneys' fees and costs incurred due to Plaintiff's nonappearance at her February 28, 2017 deposition is GRANTED, and Plaintiff is ordered to pay the City of Santa Rosa $936.25 by May 31, 2017.

Defendants' request to compel Plaintiff's appearance at the March 14, 2017 deposition is

1 DENIED as MOOT.

2     Defendants' request to compel Plaintiff's responses to their Request for Production of
3 Documents (Set One) is GRANTED. Plaintiff shall furnish responses by May 1, 2017, absent an
4 extension agreed upon by the parties.

5     IT IS SO ORDERED.

6 Dated: April 10, 2017

7     KANDIS A. WESTMORE
8     United States Magistrate Judge