**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY L WEISS,** <br> Plaintiff**,** <br> vs. <br> **CITY OF SANTA ROSA POLICE DEPARTMENT, ET AL.,** <br> Defendants**.** | CASE NO. 15-cv-01639-YGR <br><br> **MOTION DENYING MOTION FOR CLARIFICATION, COURT GUIDANCE, AND REQUEST FOR ATTORNEY** <br><br> Re: Dkt. No. 121 |

On September 7, 2017, plaintiff Terry Weiss filed a request styled as a "Motion for Clarification, Court Guidance, Acknowledgment." (Dkt. No. 121.) Specifically, plaintiff requests clarification on her rights and the procedures related to an anticipated competency hearing and whether she has a right to have counsel present due to her disabilities and her self-described inability to communicate effectively. This motion was filed in response to defendants' representation that they intend to file a motion to determine plaintiff's competency to pursue this litigation without a guardian ad litem, pursuant to Federal Rule of Civil Procedure 17. (*See* Dkt. No. 117 at 5; *see also* Docket Nos. 106 and 114.)

The Court acknowledges and recognizes the significant time and effort plaintiff has given to filing her motion and attempting to explain to the Court the difficulties and hardships she faces. The Court understands that *pro se* litigants face significant challenges in pursuing their cases, even more so where the *pro se* litigant, as plaintiff describes herself, has emotional and mental impairments that inhibit her ability to communicate effectively. Nevertheless, the law does not provide for the right to counsel in civil cases for *pro se* litigants. In certain circumstances, the Court coordinates with the federal pro bono program to find attorneys to represent *pro se* litigants in their civil cases, but the Court finds that the matter at hand is not appropriate for that referral at

this juncture. Plaintiff herself acknowledges that she has significant difficulties in communicating effectively, which raises particular challenges in finding an attorney to provide her with voluntary representation in this matter. Accordingly, the Court **DENIES** plaintiff's request for appointment of counsel. Typically, in cases such as these, defendants will bring motions for summary judgment, which challenge the sufficiency of the evidence supporting the claims. If plaintiff defeats the anticipated motion and the case is set for trial, the Court will reconsider the need for appointment of counsel in that context.

The Court will, however, provide the following guidance and relief:[1]

First, the Court reviews for plaintiff the claims and allegations still present in this action. Plaintiff's third amended complaint contains multiple allegations against the City of Santa Rosa Police Department (the "SRPD"), Tom Schwedhelm in his official capacity, and several officers (the "City Defendants"), and the Sonoma County Sherriff's Office, and other county officials (the "County Defendants"). With regard to the City Defendants, plaintiff's claims pertain to an incident on July 24, 2013, wherein she visited the police department purportedly to discuss a prior incident with certain officers. During the course of this visit, plaintiff alleges that the officers treated her rudely, then physically abused her and arrested her unlawfully, and then took her to Sonoma County's adult detention facility. (Dkt. No. 76, Third Amended Complaint ("TAC") ¶¶ 52–54.) Plaintiff's claims against the County Defendants pertained to her detention at the detention facility, including allegations that they refused to provide her with a blanket or medical care. The Court previously dismissed plaintiff's claims against the County Defendants with prejudice. (Dkt. Nos. 72, 86.) Thus, only her claims against the City Defendants remain. Specifically, only plaintiff's claims related to her arrest at the Santa Rosa Police Department on July 24, 2013, prior to her detainment at the detention facility, remain at issue in this litigation.[2]

---

[1] The Court reminds plaintiff that court staff is not authorized to provide her with legal advice. Additionally, the federal pro bono legal help center has limited resources, and may not be able to respond to all of plaintiff's queries expeditiously.

[2] Plaintiff has also raised issues related to a social security number, which she believes has been incorrectly attached to her in certain records. However, it is not clear how this issue relates to her surviving claims against the City Defendants. To the extent she claims that these identity issues are hindering her ability to obtain discovery from defendants, plaintiff should raise those

2

Second, the Court provides the following explanation of the current dispute regarding plaintiff's competency to pursue this litigation. Defendants have moved this Court to make a determination regarding plaintiff's competency to pursue this litigation independently. (Dkt. No. 122.) Defendants' basis for this motion is Federal Rule of Civil Procedure 17, which provides that the court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Importantly, if the Court agrees with defendants and finds that appointment of a guardian ad litem is necessary, the guardian would be authorized to act on plaintiff's behalf and *make all appropriate decisions* in the course of this litigation. *United States v. 30.64 Acres of Land*, 795 F2d 796, 805 (9th Cir. 1986). Additionally, the guardian "may make binding contracts for the retention of counsel and expert witnesses *and may settle the claim* on behalf of his ward." *Id.* (emphasis supplied.) Simply put, the guardian ad litem would obtain complete control over this litigation, and make all necessary decisions and communications with respect to plaintiff's claims.

This Court has not yet made any decisions regarding plaintiff's competency, or the need for a guardian ad litem. The legal standard for determining competence in California is whether a person "lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Shankar v. U.S. Dep't of Homeland Sec'y*, No. 13-CV-1490-NC, 2014 WL 523960, at *14 (N.D. Cal. Feb. 6, 2014) (quoting *Golden Gate Way, LLC v. Stewart*, No. 09-CV-4458-DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012). "A guardian ad litem may be appointed for an incompetent adult only (1) if he or she consents to the appointment or (2) upon notice and hearing." *Id.*

Against this backdrop, and because the Court understands the difficulty involved for plaintiff in drafting papers for filing, the Court can, if plaintiff wishes, consider her motion for clarification as her opposition to defendant's motion, as it contains many of plaintiff's arguments why she should *not* be declared incompetent.

---

issues with defendants. Failing that, plaintiff should bring those issues to Magistrate Judge Westmore's attention, detailing specifically how the alleged mis-assigned social security number is preventing her from obtaining proper discovery, if the Court finds that reopening discovery is appropriate and necessary after issues of plaintiff's competency have been resolved.

1  The Court hereby **EXTENDS** plaintiff's deadline for filing her response to defendant's
2  motion regarding her competency from September 27, 2017 to October 17, 2017.  By October 17,
3  2017, plaintiff must file either (i) her opposition to defendants' motion or (ii) a statement
4  indicating her intent to use her motion for clarification as her opposition.  Defendants' reply will
5  be due seven (7) days after plaintiff's filing.  The Court **VACATES** the hearing on defendants'
6  motion regarding plaintiff's competency, currently scheduled for October 24, 2017.  After briefing
7  is complete, the Court may reset a hearing date, if necessary.

This Order terminates Docket Number 121.

**IT IS SO ORDERED.**

Dated: September 29, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**