# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY L WEISS,**<br>Plaintiff,<br>vs.<br>**CITY OF SANTA ROSA POLICE DEPARTMENT, ET AL.,**<br>Defendants. | CASE NO. 15-cv-01639-YGR<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION RE: COMPETENCY OF PLAINTIFF**<br><br>Re: Dkt. Nos. 122, 123, 125, 132 |

Pending before the court is defendants' motion to determine plaintiff's competency. (Dkt. No. 122 ("Competency Motion").) While the Court acknowledges the evidence of mental health issues experienced by plaintiff over the last few years, showing a history of mental illness is not enough by itself to constitute substantial evidence of incompetence.[1]

Here, defendants have not directed the Court to substantial evidence that plaintiff is unable to represent her own interests in this litigation. Although defendants successfully argued for obtaining plaintiff's medical records on the premise that they were needed to establish plaintiff's lack of competency, they do not direct the Court to a single specific item within those records in

---

[1] *See, e.g.*, *Shack v. Knipp*, No. 12-CV-794-MMA (BGS), 2012 WL 4111652, at *5 (S.D. Cal. Sept. 17, 2012) ("[D]espite being diagnosed with schizoaffective disorder, depressed type, . . . Petitioner has failed to provide substantial evidence of incompetence to support holding a competency hearing because Plaintiff's mental illness does not prevent him from being able to understand and respond to court orders, and he is not suffering from the mental illness during the relevant time period (i.e. this ongoing habeas proceeding)."); *Thompson v. Virga*, No. 11-cv-2818, 2012 WL 1154473, at *2 (S.D. Cal. Apr. 4, 2012) (finding petitioner failed to present substantial evidence of incompetence, noting "there is no indication that Petitioner's [schizophrenia] prevents him from understanding or responding to court orders, or from adequately representing himself"); *McElroy v. Cox*, No. 08-1221 JM (AJB), 2009 WL 4895360, at *2–3 (E.D. Cal. Dec. 11, 2009) (concluding petitioner failed to submit substantial evidence of incompetence because, despite providing recent medical records supporting diagnosis of a mental disability, petitioner functioned well when properly medicated and there was "no nexus between his mental disorder and his ability to articulate his claims").

support of their argument that plaintiff is unable to represent herself.[2] While plaintiff has indicated the "possibility of being bipolar II, and suffering from PTSD," along with her self-described inability to communicate effectively,[3] plaintiff generally has filed documents as required and made timely requests to the Court for extensions of time as needed. Indeed, she has called the Office of the Clerk on numerous occasions to explain what the Court should expect to receive from her in the future. Plaintiff thus appears to possess the capacity to understand the nature and consequences of the proceedings.[4]

Accordingly, the Court **DENIES WITHOUT PREJUDICE** defendants' Competency Motion.[5] The Court recognizes the fact discovery deadline has passed and defendants have yet to depose plaintiff successfully. The Court hereby **REOPENS FACT DISCOVERY** in this action for 75 days

---

[2] Rather, defendants request generically that the Court "rely upon the subpoenaed records, the findings therein, and reasonable inferences therefrom, in support of this motion." (Competency Motion at 7.)

[3] *See* Dkt. No. 121 at 2–3, 6; *see also* Dkt. No. 132 at 2 ("Plaintiff's Response to Competency Motion").

[4] *See Perryman v. Duffy*, No. 2:15-cv-0018 DB P, 2016 WL 5815938, at *2 (E.D. Cal. Oct. 4, 2016) ("Notwithstanding [plaintiff's] mental illness, the Court observes that plaintiff's pleadings and motions in this case demonstrate an understanding of the nature and consequences of this action.")

[5] In connection with their Competency Motion, defendants filed an administrative motion to seal certain of plaintiff's medical records, which plaintiff does not oppose. (Dkt. No. 125 ("Sealing Motion").) In fact, plaintiff seeks to seal the same records. (*See* Plaintiff's Response to Competency Motion at 2, 8.) In light of the Court's prior order requiring defendants to treat plaintiff's medical records as Protected Material, in accordance with the Protective Order entered in this case (Dkt. No. 118), and for good cause showing, the Court hereby **GRANTS** defendants' Sealing Motion. Accordingly, plaintiff's motion to have the same records sealed, which was filed subsequently, is **DENIED AS MOOT**.
Defendants also ask the Court to take judicial notice of the following "items" pursuant to Federal Rule of Evidence 201: (1) the "Notice of Removal of Action and Demand for Jury Trial filed April 20, 2015 (Doc. 1) and attaching plaintiff's state court complaint related to her claims arising from the July 24, 2013 arrest for trespass filed September 12, 2014"; and (2) "Plaintiff's Notice of Motion for Clarification, Court Guidance, Acknowledgment Filed '09'07'17' (Doc. 121)." (Dkt. No. 123 at 2.) Because "[c]ourt filings and orders are the type of documents that are properly noticed under Federal Rule of Evidence 201," the Court **GRANTS** defendants' request. *Lee v. Bender*, No. C 04-2637 SBA, 2005 WL 1388968, at *8 (N.D. Cal. May 11, 2005). The Court will take judicial notice of the two filings, but not of any alleged facts contained within the same. *See id.* ("Notice can be taken, however, 'only for the limited purpose of recognizing the judicial act that the order [or filing] represents on the subject matter of the litigation.") (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

from the date of this Order. The Court **ORDERS** plaintiff to sit for deposition and answer all questions pertaining to the remaining allegations in her third amended complaint. Plaintiff's deposition is not an opportunity for her to ask opposing counsel questions, unless for clarification purposes only. Plaintiff's failure to comply with this Order could lead to dismissal of this action pursuant to Federal Rule of Civil Procedure 37. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may . . . dismiss[] the action or proceeding in whole or in part.").

All dispositive motions are to be filed no later than **May 29, 2018**. Further extensions will not be allowed absent compelling circumstances.

The Court **SETS** a Case Management Conference for **Monday, April 30, 2018** at **11:00 a.m.** in the Ronald V. Dellums Federal Building, located at 1301 Clay Street, Oakland, California, Courtroom 1.

This Order terminates Docket Numbers 122, 125, & 132.

**IT IS SO ORDERED.**

Dated: February 16, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**